[For subsequent proceedings, see Cases Nos 13.479 and 13,480.]

## Case No. 15,519.

### UNITED STATES v. KENDRICK.

[2 Mason, 69.] [1]

Circuit Court, D. Massachusetts. May Term, 1820.

PERJURY — CERTIFICATE UNDER FISHERY BOUNTY LAWS.

An indictment for perjury cannot be sustained on the seventh and ninth sections of the act of July 29, 1813. c. 34 [2 Story's Laws, 1350; 3 Stat. 49, c. 35], granting a bounty to vessels engaged in the fisheries, unless the certificate required by the seventh section be sworn to by the same person, (whether owner of the vessel or his agent or representative,) who signs the certificate. If the owner signs the certificate and the agent swears to it, the case is not within the statute.

Indictment against the defendant [Edward Kendrick] for perjury, founded on the ninth section of the act of July 29, 1813, c. 34 [2 Story's Laws, 1350; 3 Stat. 49, c. 35], granting a bounty to vessels engaged in the fisheries. The fifth and sixth sections of the act provide for the allowance and payment of the bounty. The seventh section enacts that the owner or owners of every fishing vessel, &c. his or their agent or lawful representative shall, previous to receiving the allowance made by the act, produce to the collector who is authorized to pay the same, the original agreement made with the fishermen employed on board of the vessel, "and also a certificate to be by him or them subscribed, therein mentioning the particular days on which such vessel sailed and returned on the several voyages or fares she may have made in the preceding fishing season, to the truth of which he or they shall swear or affirm before the collector aforesaid." The ninth section declares that any person who shall make any false declaration on oath or affirmation, required by this act, being duly convicted, shall be deemed guilty of perjury. &c. The indictment alleged (and so the fact appeared at the trial,) that the certificate was signed by Theophilus Crowell, the owner of the vessel, and that the oath was taken by the defendant as agent of the owner.

Mr. Prescott, for defendant, objected that under these circumstances the indictment was not within the contemplation of the statute.

Mr. Blake, U. S. Dist. Atty., argued e contra.

STORY, Circuit Justice. It is the decided opinion of the court that this indictment cannot be sustained upon the statute. The seventh section manifestly supposes and requires that the oath should be taken by the same person who signs the certificate, whether it be signed by the owner or his agent or representative. It surely cannot be supposed that one person is to be sworn to the truth of another person's certificate. Here the certificate is signed by the owner, and the oath is taken by the defendant, who is stated to be agent of the owner. The grossest frauds might be committed if this practice were allowed to prevail, for a stranger might swear to the facts from an innocent belief of their existence from the certificate of the owner, and the owner might fraudulently sign the certificate and escape the penalty of the act. The objection is fatal.